UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006[*]
Decided October 11, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1986

| | |
|---|---|
| LINDA D. JOHNS, <br>      *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
|     *v.* | |
| LAIDLAW EDUCATION SERVICES, <br>     *Defendant-Appellee.* | No. 04 C 5563 <br><br> Rebecca R. Pallmeyer, <br> *Judge.* |

**ORDER**

Linda Johns was employed by Laidlaw Education Services as a school bus driver. After Johns twice injured her shoulder while driving a bus, Laidlaw placed her on light duty status as a bus monitor. About a year after her second injury, a doctor opined that Johns was fit to drive a bus, and Laidlaw ordered her back to duty

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

in that capacity.  Johns nevertheless refused because her own doctor advised against it.  Laidlaw then fired her.

Johns has sued Laidlaw under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  In the district court, she argued that, by not transferring her to the available light duty job of bus monitor, the company had failed to accommodate her disability.  The district court granted summary judgment for Laidlaw.  Because Johns has raised genuine issues of material fact regarding whether Laidlaw could have accommodated her by reassigning her to a vacant bus monitor position and whether Laidlaw caused the breakdown of the interactive process, we vacate the judgment of the district court and remand for further proceedings.

We review a grant of summary judgment *de novo*, construing all facts and inferences in the light most favorable to Johns.  *See Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005).  Laidlaw hired Johns in 2002 as a school bus driver and, within a year, she was involved in two work-related accidents.  The first occurred in April 2003 when Johns injured her right shoulder.  Johns then worked as a bus monitor for about a month while her shoulder healed.  On her first day back to work as a driver, her bus was rear-ended.  This accident exacerbated her existing shoulder injury, and she sought treatment from Dr. James Ingram, an orthopedic surgeon.  Dr. Ingram performed surgery on Johns' shoulder, and, in December 2003, Dr. Ingram stated that Johns could work for four hours a day but could not drive a commercial vehicle.  From December 17, 2003, through May 4, 2004, Johns worked in a variety of light duty positions at Laidlaw.  For the last few months of her employment, she was a school bus monitor.

While on light duty, Johns underwent several medical evaluations.  In January 2004, Laidlaw learned that Dr. Ingram again had restricted Johns from driving a commercial vehicle and recommended physical therapy.  In February, Laidlaw referred Johns for a second medical opinion with Dr. Brian Cole.  Dr. Cole recommended that Johns undergo a functional capacity evaluation, which she eventually did.  According to Laidlaw, Dr. Cole stated in April 2004 that Johns could return to work full time as a bus driver.  Dr. Ingram also evaluated Johns in April 2004; he diagnosed her with bicipital tenodesis and stated that "patient is to continue with her current work restriction," a reference to an evaluation dated March 24, 2004, restricting Johns from driving a commercial vehicle.  Laidlaw says it did not receive Dr. Ingram's report.

On May 4, 2004, Laidlaw told Johns by letter that she was "no longer eligible for light duty" and that she needed to complete the training for a commercial drivers' license by May 18 or face the possibility of termination.  The letter added that Laidlaw did "not have open [driving] routes to bid on at this time" and that therefore

Johns "will be assigned as a [bus] monitor at the monitor rate that corresponds with [her] years of seniority" until driving routes were available. Upon receiving the letter, Johns told Laidlaw that her physician still restricted her from bus driving. Otherwise, she did not contact Laidlaw. She was fired on May 18 for not submitting to bus-driving training.

In its summary judgment motion, Laidlaw first argued that Johns admitted she could not perform the essential functions of driving a bus. Second, Laidlaw argued that it had no obligation to create a light duty bus monitor position for Johns. Moreover, Laidlaw argued that, even if it had failed to accommodate Johns, Johns had caused a breakdown in the interactive process when she did not contact Laidlaw after the May 4 warning that she drive a bus or face termination. The district court agreed with Laidlaw on these points and granted summary judgment in its favor.

On appeal, the parties do not dispute that Johns is no longer qualified to drive a bus. Johns argues instead that Laidlaw should have accommodated her by permanently reassigning her to a bus monitor position--the job she was performing for several months before she was terminated. Johns points to Laidlaw's May 4 letter as evidence that there were bus monitor positions available because it stated that she "will be assigned as a [bus] monitor at the monitor rate that corresponds with [her] years of seniority" until driving routes were available.

The ADA obligates employers to provide a reasonable accommodation for qualified disabled employees. *See Jackson v. City of Chicago,* 414 F.3d 806, 812 (7th Cir. 2005). Reassignment to a vacant position for which a disabled employee is qualified is a form of reasonable accommodation. *See* 42 U.S.C. § 12111(9)(B); *Jackson,* 414 F.3d at 812-13; *Ozlowski v. Henderson*, 237 F.3d 837, 840 (7th Cir. 2001); *Dalton v. Subaru-Isuzu Auto., Inc.,* 141 F.3d 667, 677 (7th Cir. 1998). An employer's failure to reassign a disabled employee to such a position violates the ADA. *See Gile v. United Airlines, Inc.,* 213 F.3d 365, 374 (7th Cir. 2000).

Johns has adduced evidence that would permit a factfinder to reasonably conclude that there was a vacant bus monitor position at Laidlaw for which she was qualified. Johns was a bus monitor for several months, and Laidlaw does not question her qualifications for that job. Moreover, Laidlaw's May 4 letter--which states that Johns "will" again be assigned to a bus monitor position until driving routes became available--acknowledges the existence of open bus monitor positions during the very month it terminated her. It is true that Laidlaw does not have to convert temporary positions into permanent ones, *see Watson v. Lithonia Lighting & National Service Industry, Inc.,* 304 F.3d 749, 751 (7th Cir. 2002), bump incumbent employees out of their jobs, *see Ozlowski*, 237 F.3d at 841 n.2, or abandon job prerequisites, *see Winfrey v. City of Chicago*, 259 F.3d 610, 618 (7th Cir. 2001); *Equal*

*Employment Opportunity Comm'n v. Humiston-Keeling, Inc.*, 227 F.3d 1024, 1028 (7th Cir. 2000). But Laidlaw has not asserted that the bus monitor positions were only temporary, already occupied by others, or outside of Johns' qualifications.

Instead, Laidlaw argues that "it is incumbent upon the Plaintiff to establish that Laidlaw had a vacant position for which she was qualified at the time of discharge." This assertion somewhat overstates Johns' burden. She must adduce evidence that would permit a reasonable factfinder to infer the existence of a vacant and permanent, in this case, bus monitor position. *See Baert v. Euclid Beverage, Ltd.,* 149 F.3d 626, 633 (7th Cir. 1998) (reversing grant of summary judgment for employer where there was a genuine issue whether vacant positions were available); *Hendricks-Robinson v. Excel Corp.,* 154 F.3d 685, 695 (7th Cir. 1998). She has done so. The May 4 letter is evidence that would *permit* a reasonable factfinder to find that there was a permanent, vacant bus monitor position available for Johns at the time it refused to accommodate her with one. The letter describes bus monitor positions as both currently available and as having an established pay schedule based on length of service with the company. Laidlaw's own statement of undisputed facts in the district court even refers to an employee handbook for monitors. This is evidence, albeit not conclusive, that monitors were permanent positions and available.

Laidlaw contends that even if there was a vacant bus monitor position, it did not fail to accommodate Johns because Johns caused the breakdown of the interactive process by neglecting to contact Laidlaw after receiving the May 4 letter. The ADA obligates the employer and the employee to engage in an "interactive process" to determine what accommodations may be available. *Equal Employment Opportunity Comm'n v. Sears, Roebuck & Co.,* 417 F.3d 789, 804 (7th Cir. 2005). We have noted "that there is no hard and fast rule for assigning responsibility when a breakdown in the interactive process occurs," *Jackson*, 414 F.3d at 813, and that "[t]he last act in the interactive process is not always the cause of a breakdown," *Sears, Roebuck & Co.*, 417 F.3d at 806. Therefore, a court must examine the whole process to determine if one party is responsible for causing the breakdown. *See id*.

Here, Laidlaw knew about Johns' bus-driving restrictions before May 4 because it previously had received those restrictions from Dr. Ingram. Specifically, Johns told Laidlaw in early 2004 that Dr. Ingram continued to restrict her from driving a bus; Johns again informed Laidlaw of this restriction when Laidlaw gave her the May 4 letter directing her to resume bus driving. After the May 4 conversation, Laidlaw did not request further information from Johns, so Johns is not necessarily responsible for the breakdown of the interactive process. *See Sears, Roebuck & Co.*, 417 F.3d at 805-07 (concluding that a reasonable jury could find that the employer caused a breakdown of the interactive process even though the

employee quit where, prior to the employee's departure, she made several requests for accommodation); *Baert,* 149 F.3d at 634 (concluding that genuine issues of material fact existed regarding whether the employer or the employee caused a breakdown in the interactive process where the employee did not respond to the employer's offer of a position that the employee claimed he was physically unable to perform).

Because Johns has raised genuine issues of material fact regarding whether there was an available bus monitor position to which Laidlaw could have assigned her and whether Laidlaw caused the breakdown of the interactive process, we vacate and remand for proceedings consistent with this position. Johns may recover her costs in this court.

VACATED and REMANDED

SYKES, *Circuit Judge*, dissenting. I would dismiss this appeal for noncompliance with Rule 28 of the Federal Rules of Appellate Procedure. Linda Johns's appellate brief consists of four pages of generalized assertions of discrimination on the part of Laidlaw Education Services and a rambling account of her shoulder surgery and the light duty work assignment Laidlaw provided during her recuperation. It contains no legal argument or citation to supporting legal authority or record evidence. Rule 28 requires that an appellant's brief contain (among other things) an argument that is more than a generalized assertion of error, with citation to supporting legal authority and the record evidence on which the appellant relies. Fed. R. App. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). The rule promotes the evenhanded administration of justice and "applies equally to pro se litigants." *Id.* Where, as here, a pro se litigant fails to comply with the rule, "we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* Although pro se filings are liberally construed in favor of providing appellate review, "pro se litigants should expect that noncompliance with Rule 28 will result in dismissal of the appeal." *Id.* Laidlaw argues as a threshold matter that Johns's appellate brief is inadequate under Rule 28, warranting dismissal. I agree, and would dismiss the appeal for noncompliance with Rule 28.